## PRICE v. BRYAN & C. T. I. RY. CO.

(District Court, S. D. Texas, at Houston. April 29, 1921.)

No. 57.

1. **Courts ⟨═⟩493(2)—Court retains jurisdiction after its sale of property to determine title of purchaser.**

A court, which has had possession of property and has, through its officers sold it, can retain jurisdiction over the property after delivering possession thereof to the purchaser, for the purpose of determining any issue which may subsequently arise in connection with the nature and

---

⟨═⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

extent of the title acquired under the decree of sale, or of determining what liens or demands the purchaser, by reason of his purchase, has become obligated to discharge.

**2. Courts ⌖═493(2)—Court cannot entertain supplemental bill to protect purchaser against claim not arising by act of receiver or of party.**

A court, which had had jurisdiction over property in receivership proceedings, cannot entertain a supplemental bill by the purchaser from the receiver against one asserting a claim against the property, unless the claim asserted arose by an act of the receiver or of a party to the receivership proceedings.

**3. Courts ⌖═493(2)—Supplemental bill does not lie to prevent enforcing against purchaser of public obligation to maintain railroad.**

A supplemental bill cannot be entertained in receivership proceedings on behalf of the purchaser of a railroad from the receiver, as against the authorities of the state who were seeking to enforce against the purchaser the railroad company's obligation under the state statutes to maintain and operate the railroad.

In Equity. Suit by Arthur B. Price, trustee, against the Bryan & Central Texas Interurban Railway Company. On motion by Sam Wexler for leave to file a supplemental bill against J. G. Minkert, County Attorney for Brazos County, Tex. Leave to file the bill denied.

Vinson, Elkins & Wood, of Houston, Tex. (W. A. Parish, of Houston, Tex., of counsel), for the motion.

J. G. Minkert, of Bryan, Tex., Co. Atty., for the State of Texas.

HUTCHESON, District Judge. This is a motion filed by Sam Wexler for leave to file a supplemental bill in this cause against J. G. Minkert, county attorney for Brazos county, Tex. The motion, and bill attached to it, leave to file which is asked, discloses that petitioner on November 16, 1920, purchased at foreclosure sale in the above styled and numbered cause all the property, franchises, etc., of the Bryan & Texas Central Interurban Railway Company, and on or about December 24, 1920, took possession of same, and has been in possession ever since; that he has elected to discontinue the operation of said property as a railroad, and to dismantle the same by selling a portion thereof, and that the county attorney of Brazos county has sued out and caused to be issued out of the district court of Brazos county, Tex., a temporary injunction restraining the complainant from proceeding as he intends, and unless restrained from further prosecuting said suit the county attorney will apply for a permanent injunction to prevent such disposition of the property, and to compel its continued maintenance as a railroad; that the said county attorney is proceeding under and by virtue, as he claims, of the statutes of the state of Texas purporting to prohibit the abandonment or removal of the main track of any railroad which has once been constructed, and that such statutes, if they operate as contended by the county attorney, are unconstitutional and void as to petitioner; that the order of sale, under which petitioner purchased contained, among other things, a provision in substance that the purchaser obligated himself to pay all the receiver's indebtedness which might be allowed by the court as just, with the right

⌖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on the part of such purchaser to appear in any such hearing and appeal from any and all orders and decrees of the court with respect to same. It also provided:

"That all questions not hereby disposed of and determined shall be and are hereby reserved for future consideration and adjudication. The court reserves the right to make such further orders at the foot of this decree as it may deem just and proper, and any party to this cause may at any time apply to this court for further relief at the foot of this decree." That by virtue of the fact that the property was sold to petitioner under foreclosure decree of this court, and by virtue especially of the reservation in said decree contained, the claim of the county attorney as asserted in said suit constitutes a claim, charge, or burden upon the property in the hands of the purchaser, and that by reason of the fact that he holds under a foreclosure decree of this court, with the reservations and conditions above referred to, this court alone has jurisdiction to determine whether the property is charged with the burden which the county attorney asserts against it.

Attached to the bill is a copy of the foreclosure decree, the petition of the county attorney in the district court of Brazos county, Tex., and the articles of incorporation of the Bryan & Central Texas Interurban Railway Company. From these it appears that the charter of the company was issued on April 11, 1913, that the purpose of its incorporation was to operate a street and interurban railway for the transportation of freight and passengers, and that the term of its charter was for 50 years; that on the 23d day of January, 1915, a bill in the above styled and numbered cause was filed, seeking a receivership and foreclosure, and that by decree of date July 20, 1920, the mortgage asserted in said cause was foreclosed, and the property directed to be sold.

The portions of the order of sale material to this inquiry, after reciting that the mortgage foreclosed was a lien upon the property, franchises, etc., of every kind and character owned by the Bryan & Central Texas Interurban Railway Company, provided that the property, premises, and franchises covered by the said mortgage constituted a single property which should be conducted as a single enterprise, and that it should be sold in one lot or parcel. It further provided that the property should be sold without valuation, appraisement, redemptions, or extensions at public sale, in one lot as an entirety, and finally provided that—

"The purchaser or purchasers shall, after delivery of the property, be invested with, and shall hold, possess, and enjoy the property conveyed and transferred, and every part and parcel thereof, and all rights, privileges, and franchises appertaining thereto, as fully and completely as the said defendant, Bryan & Central Texas Interurban Railway Company, now holds and enjoys, or has heretofore held and enjoyed the same," and further "that the said purchaser or purchasers shall have and be entitled to hold the said railroad, lands and other property so sold freed and discharged of and from the trust and lien imposed thereon by the mortgage foreclosed in this suit, and free from the claims of the parties to this suit, or any of them, and free from any claim, right, or equity of redemption of, in, or to the same by the defendant railway company, its successors and assigns, and all persons claiming by, under, or through the said railway company."

The petition of the county attorney asserted in substance that the statutes of the state of Texas impose upon all railroads the obligation

not to abandon or discontinue any part of their main line, that this obligation was imposed upon the Bryan & Central Texas Interurban Railway Company, that it remained upon it unaffected by the receivership, and that the property in the hands of the present owner still stands charged with the same public obligation.

Upon filing of application for leave to file said bill, notice was issued to the defendant to show cause why same should not be filed, and at the hearing on said notice defendant asserted that this court was without jurisdiction to entertain such supplemental bill, because, as he claimed, the cause in which the same was sought to be filed has been concluded, and the jurisdiction of this court over the property sought to be affected by the state court suit has ceased and terminated, and that the subject-matter of his suit against the petitioner in the district court of Brazos county in no manner impugns or seeks to abridge the force and effect of this court's foreclosure decree, or seeks to assert in any proper sense any lien, claim, charge, or demand against the title of the purchaser at such sale as would permit the exercise of the jurisdiction reserved in the foreclosure decree.

[1] Petitioner relies upon the well-settled principle established by the decision of the Supreme Court of the United States, notably Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629, and Wabash Railroad Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379, that where a court has had possession of a res, and has caused a sale of that res under foreclosure proceedings, jurisdiction may be reserved in the court for the purpose of determining any issue which might subsequently arise in connection with the question of the nature and extent of the title acquired under the decree, or of what liens or demands the purchaser, by reason of his purchase, has become obligated to pay and discharge. In the Julian Case the principle is stated thus: A court may retain jurisdiction of such a case to settle all claims against the property, and to determine what burdens shall be borne by a purchaser as a condition to holding the title conveyed. In the Wabash Case the court expressed the principle in this language:

"The effect of the decree is to say to any purchaser under it: You must take this property subject to all claims which this court shall hereafter adjudge to be lawful, and you may be assured that you will be held to pay none other, and for the purpose of making this statement good the court reserves jurisdiction over the property and claims in respect to it, and the right to take it again into possession and exercise again the power of sale."

These decisions establish that the jurisdiction in this class of cases springs from and is grounded on that principle expressed in the Wabash Case:

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts."

And there can be no longer any doubt that this possession continues constructively after the actual possession has been surrendered, as to any matter which involves the efficacy of the proceedings of the court to pass title, and all claims, liens, or demands asserted against the

property through or under the receivership, or the predecessors in title of the purchaser.

[2] If the suit in Brazos county can be construed as attacking the efficacy of the proceedings to pass title to the purchaser in the manner and to the extent provided in the foreclosure decree or to charge upon the property in the hands of the purchaser liens, claims, or demands arising out of any act or thing done by the receiver or parties to the suit whose title it passed by foreclosure decree, this court alone would have jurisdiction, and leave should be given to file the bill. On the other hand, it is equally clear that, unless the suit sought to be enjoined is of that nature, this court, having parted with the actual possession of the property, and the suit having, except as to reserved matters, been terminated, no jurisdiction exists to entertain the supplemental bill herein.

Care should be taken not to confuse what has just been said with a statement of the grounds of jurisdiction which would enable the filing of an independent suit, because that question, resting as it does upon wholly different considerations, is not at all presented here. The only consideration here is the right to file a supplemental bill, which right, if it exists, may be exercised, if all of the requisites for original jurisdiction are lacking.

[3] It remains only to inquire whether the case as presented by the county attorney falls within the principles above announced, and it is at once apparent that the case, on its facts, is not ruled by the Julian Case, for whereas, in that case the efficacy of the foreclosure decree to pass title to the purchaser was denied, in this case the county attorney does not attack the authority of the court to transfer to Wexler, or undertake to limit in any way the effect of the decree of foreclosure and the transfer under it, but, on the contrary, asserts that the foreclosure decree of this court was completely efficacious to do just what it purported to do, to pass to Wexler "the property transferred, and every part and parcel of it, and every right, privilege, and franchise pertaining to it, as fully and completely as the said defendant, Bryan & Central Texas Interurban Railway Company, now holds and enjoys the same."

Nor do I think any better case for jurisdiction is made under the facts of this case by the attempted application of the principles of the Wabash Case to this. Undoubtedly, if the assertion by the state that the railway company held the title subject to the obligation to continue to run it amounts to a lien, demand, or claim against the railway company, the predecessor in title of the purchaser, within the meaning of the Wabash Case and similar authorities, this court would have jurisdiction to determine whether in fact such demand or claim existed, and the fact that the person asserting it was the state would make no difference.

If, on the other hand, the suit is to be treated as the mere assertion of a continuing public duty or obligation imposed by statute upon the predecessor railway company, and Wexler as the purchaser thereof not to abandon the operation of the property as a railway, the matter would

lie as completely within the jurisdiction of the state court as would be the case with the assertion by the state of Texas of any other public obligation imposed upon a carrier by the statutes of the state.    To hold otherwise would be to hold that a railroad company incorporated under the laws of a particular state could, by a process of receivership and foreclosure, forever withdraw the property from accountability in the courts of the state for failure to comply with the obligations imposed by the laws of that state upon it.

· That a receivership is not attended with such consequences is plainly and authoritatively stated by. the Supreme Court of the United States in the following language in the case of International & Great Northern Ry. Co. v. Anderson County, 246 U. S. 431, 38 Sup. Ct. 370, 62 L. Ed. 807, where the principle is thus fully and forcefully laid down:

"The railway company denies the jurisdiction of the state court, and sets up that the court of the last foreclosure is the only proper forum.    But a decree of foreclosure does not render the purchaser and property foreclosed sacrosanct.    The Circuit Court had finished the case and had given up possession and control before this suit was brought.    Shields v. Coleman, 157 U. S. 168, 178, 179; Wabash R. R. Co. v. Adelbert College, 208 U. S. 38, 55. Even if it were true that the foreclosure sale and order carried an immunity from the present demand that the railway was entitled to set up, in the absence of action on the part of the court of the United States, it would not take away the power of the state court to decide as to the existence of an alleged public duty on the part of a railroad within the territory where the court sat.    Ricaud v. American Metal Co., 246 U. S. 304.    But the foreclosures' did not have the supposed effect.    They no more removed all human restrictions than they excluded the authority of ordinary courts."

From the foregoing it follows that no grounds of jurisdiction of this court to entertain the supplemental bill appear, and that the leave to file will be denied.